Mr. John P. Verkamp City Attorney for City of Lavaca
4937 Old Greenwood Road Fort Smith, Arkansas 72903
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act (FOIA). You submit your request pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
You indicate that you have received a FOIA request seeking two sets of documents. First, the request seeks "[a]ll disciplinary action forms" of a certain police officer. Second, the request seeks the minutes of certain meetings. Because my authority under section 25-19-105(c)(3)(B)(i) only extends to personnel records and employee evaluation documents, I will limit my responses to the request for "disciplinary action forms."
You have compiled all the documents you believe are responsive to the request. Having reviewed those documents, which you submit alongside your opinion request, I also note that you have redacted several pieces of information from numerous records, which you justify as "protecting personal information including driver's license or social security numbers and the address of . . . [the subject of the request], and other personal information of or related to third parties."
RESPONSE
My duty under subsection 25-19-105(c)(3)(B)(i) is to state whether the decision of the custodian of records is consistent with the FOIA. I am unable to definitively state whether your decision, as the custodian, fully complies with the FOIA for *Page 2 
three reasons. First, with regard to the items redacted, a conclusive determination would require a review of the unredacted records. I will state, however, as further explained below, that based on the information available to me, many redactions appear inconsistent with the FOIA. Second, many documents you plan to release detail disciplinary action that fell short of suspension or termination. For reasons explained below, whether these lesser disciplinary actions are subject to release depends on a factual decision that you, as the custodian, must make. Because you do not indicate your decisions about those factual matters, I cannot definitely determine that your decision to release many of the lesser disciplinary records is consistent with the FOIA. Third, you intend to release several documents that are neither personnel records nor employee evaluation records. Because these documents fall outside the scope of my section 25-19-105(c)(3)(B)(i) review, I cannot opine about their release. I will note, however, that many of these documents contain unjustifiable redactions.
DISCUSSION
I will begin by explaining the three elements that, if met, require documents be released under the FOIA. Having determined that the first two of those are likely met, I move on to give a detailed discussion of whether the third element is met, namely whether any exemptions prohibit disclosure.
Three elements must be met before any document may be released under the FOIA. A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the Personnel Department of the City of Lavaca, which is a public entity. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records *Page 3 
maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2009). Because the records are held by a public entity, they are rebuttably presumed to be public records. Having reviewed the records you believe are responsive to the request, I do not believe that the presumption will likely be rebutted with respect to any of the records.
The only remaining issue, then, is whether any exemption requires the custodian to withhold the documents. The FOIA provides two exemptions for items normally found in employees' personnel files.[1] For purposes of the FOIA, items in employees' files can usually be divided into two mutually exclusive groups: "personnel records" under section 25-19-105(b)(12);[2] or "employee evaluation or job performance records" under section 25-19-105(c)(1).[3] The test for whether these two types of documents may be released differs significantly.
Personnel Records
If a document is a "personnel record," the document is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009). The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by *Page 4 
reviewing the record itself. But this office has consistently opined that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147; John J. Watkins Richard J. Peltz, The Arkansas Freedom of Information Act, p. 179 (m m Press, 4th ed., 2004).
If a document meets this definition, then it must be released unless doing so constitutes a "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court has provided guidance on what that phrase means. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). The balancing takes place with a thumb on the scale favoring disclosure.
To aid in conducting the balancing test, the court in Young
elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than de minimus privacy interest. Id. at 598, 826 S.W.2d at 255. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure. Id., 826 S.W.2d at 255. Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests. Stilley v.McBride, 332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998). The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective. E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
Whether any particular personnel record's release constitutes a clearly unwarranted invasion of personal privacy is always a question of fact. Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 2003-201, 98-001. Several documents contained in personnel files are typically releasable under this standard, with appropriate redactions. I believe a current employee's job application, employment history, and any background investigation that served as a basis for his hiring constitute "personnel records" under the standard set forth above. As previously noted in Op. Att'y Gen. 2007-278: *Page 5 
 Certain . . . employment-related records found in police personnel files are typically subject to release with any appropriate redactions. See, e.g., Op. Att'y Gen. Nos. 2005-268 (mentioning job application documents, resumes, documents evidencing completion of psychological examination, and personal history statements as being subject to release with appropriate redactions); 2004-178 (discussing training files with scores redacted).
In contrast, some information typically found in an employee's personnel file is not subject to release under the FOIA. Some of those items include:
 • dates of birth of public employees (Op. 2007-064);
 • social security numbers (Ops. 2006-035, 2003-153);
 • medical information (Op. 2003-153);
 • any information identifying law enforcement officers currently working undercover (A.C.A. § 25-19-105(b)(10));
 • drivers' license numbers (Op. 2007-025);
 • insurance coverage (Op. 2004-167);
 • tax information or withholding (Ops. 2005-194, 2003-385);
 • payroll deductions (Op. 98-126);
 • banking information (Op. 2005-195);
 • unlisted telephone numbers (Op. 2005-114);
 • personal e-mail addresses (Op. 2004-225); and
 • marital status of employees and information about dependents (Op. 2001-080). *Page 6 
Employee Evaluation Records
The second potentially relevant exception is for "employee evaluation or job performance records," which the FOIA likewise does not define. But this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct. Id.
If a document meets the above definition, the document must be withheld unless all three of the following elements have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding (finality);
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (relevance); and
 3. There is a compelling public interest in the disclosure of the records in question (compelling interest).
A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.
As for the third prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency *Page 7 
associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra, at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists.Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") With respect to allegations of police misconduct, I noted as follows in Op. Att'y Gen. 2007-206:
 a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Op. Att'y Gen. 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists.
Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
Analysis
I cannot definitively determine that your decisions — both as to redactions and as to the general decision to release certain documents — are consistent with the FOIA for several reasons.
First, I cannot opine about your decision because you have not indicated whether you have made a critical factual finding required from several documents. As noted above, all employee evaluation records must be withheld from disclosure unless the record (1) formed some or all of the justification for a decision to (2) suspend or terminate the employee, (3) which decision has become final and (4) the public has a compelling interest in the documents. Because several documents qualifying as employee evaluation records resulted in something less than a *Page 8 
suspension or termination, those records ordinarily should not be released.[4] Nevertheless, if you, as the custodian, make the factual determination that these lesser disciplinary actions formed part of the basis for the suspension, then those records must be released.[5]
Because this factual matter is not clear to me from your opinion request or the records themselves, I cannot definitively opine.
The second reason I cannot definitively opine about your decision is that many documents you plan to release are neither personnel records nor employee evaluation records. Because these records thereby fall outside the scope of my review under section 25-19-105(c)(3)(B)(i), I cannot definitely opine about their release. I will note, however, that you have redacted information from several of these non-personnel, non-employee evaluation records (e.g., citizen complaint forms, traffic citations, incident reports).[6] A custodian's decision to redact phone numbers and addresses from personnel records is generally consistent with the FOIA.[7] But if that information is contained in non-personnel or non-employee evaluation records, the analysis is much different. The FOIA does not contain a generally applicable privacy exemption. Thus, unless the phone numbers and addresses fall within a specific FOIA exemption, the FOIA will require disclosure.[8] *Page 9 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 181-82 (4th ed., m m Press 2004).
[2] This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[3] This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[4] These records include the following: all the records created by the subject's supervisors that detail or evaluate the subject's job performance; all records created by the subject at the supervisors' request that detail the subject's job performance.
[5] The reasons why the subject of the request was fired are enumerated in the termination letter dated July 8, 2009. None of these reasons incorporates the "lesser" reprimands. Therefore, these lesser reprimands cannot be released unless they are factually relevant to the suspension.
[6] Examples of these non-personnel, non-employee evaluation records are citizen complaint forms, traffic citations, and incident reports, documents reflecting receipt of departmental policies and directives. You appear to believe that these documents are responsive to the FOIA request, which seeks disciplinary records. I assume, then, that you believe these forms, citations, and reports are employee evaluation documents. As noted above, an employee evaluation record must be (1) created by or at the behest of (2) the employer (3) for the purpose of evaluating the employee. If a document was initially created for some purpose other than evaluating the employee, it does not later become an employee evaluation merely because it is consulted when evaluating an employee. See Att'y Gen. Op. 2008-172.
[7] See Att'y Gen. Op. Nos. 97-199, 95-242, 90-335.
[8] See Att'y Gen. Op. Nos. 97-199, 95-220. Ordinarily, the only basis for excising phone numbers and addresses would be a federal constitutional privacy claim. Op. Att'y Gen. 95-262, n. 2; seegenerally McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) (recognizing that the constitutional right of privacy can supersede the specific disclosure requirement of the Arkansas FOIA). This requires a case-by-case determination. The uncertainty of the scope of the constitutional privacy right (see J. Watkins, The Arkansas Freedom of Information Act 308 (2nd ed. 1994)) precludes any categorical determination in this regard. Nevertheless, from the limited information available to me, many of the items you have redacted in non-personnel, non-employee evaluation records probably do not rise to the level of a federal constitutional privacy concern.
 *Page 1